Choate, D. J.
This was a suit upon a special agreement for a salvage compensation rendered to the steamship Adiron *873 dack by the steamship Plainmeller. The relief prayed for in the libel was the recovery of the amount named in the agreement, or for such other relief as in law and justice the libellant should be entitled to. The libellant, who was the master of the salving ship, sued on behalf of himself and the owners of the Plainmeller. A monition having issued, and the Adirondack having been attached, the owners of the Adirondack appeared and filed their claim, and put in an answer admitting the liability of the Adirondack for a salvage compensation, and tendering and paying into court the sum of $7,500 therefor, but denying the libellant’s claim for the amount named in the special agreement. The crew of the Plainmeller have not been made parties, and no publication of notice to other persons to come in has been made.
The cause has proceeded to a trial and decision upon the issues raised by the libel and the answer, resulting in the allowance of the sum tendered as a proper amount of salvage, and the avoidance of the special agreement as inequitable and extortionate. A question is now made as to the form of the final decree. The claimants’ proctors have submitted a form of decree providing that the libellant recover for himself and for the owners and crew of the Plainmeller, and for all others interested, the amount of the tender. To this the counsel for the libellant objects that the decree should not provide specifically that the libellant recover for the crew, but that he recover for himself, the owners and all others interested, omitting any reference to the crew. The suggestion is that the decree shall not pass upon the question whether the crew have any interest or not. I think the proper practice is to direct an apportionment of the salvage recovery before it is paid out of the registry. If the master had assumed to act for the crew in bringing this suit they might, perhaps, be considered as parties libellant represented by him. But as he repudiates that character, and as the crew have not received the usual notice by publication to come in and make claim upon the vessel attached, or upon the fund in court, I think it is incumbent on the libellant now to bring them in, or to have them duly notified to com© in for the purpose of making the apportionment.
*874 The position taken by the libellant hostile to any claim on their part makes it improper, even if it would be regular, that their shares should be paid over to him or the owners, and that they should be remitted to an action to recover them. No reason is shown why the crew should not, as in other eases of salvage, participate in the recovery. The court will make no order that shall appear to be a denial of their right. If such a reason exists it should be shown in this court, and upon notice to them upon proceedings duly taken for an apportionment.
Let a decree be entered that the libellant recover the amount of the tender on behalf of himself and the owners, and all others who may be interested therein, including the erew; the same to remain in the registry of the court subject to a final order of distribution to be made pursuant to proceedings to be instituted therefor by the libellant or any other party interested..